Brady, J.
The appellant and John McCool entered into an agreement in December, 1872, by which the former agreed to do all the plastering, and to furnish *368 all the materials for seventeen houses, and to do all the labor to the satisfaction of the owner McCool, for the sum of $40,000, to be paid as follows: By McCool delivering tó Crawford a deed for the sixth house from Fourth avenue, the balance, $28,000, to be paid as the work progressed.
It was further provided by the contract as follows;
“And said Crawford agrees to assume interest on the first mortgage of twenty-two thousand dollars on said sixth house from Fourth avenue on $. side of Eighty-first street, which he agrees to take in part payment of said works. Interest to be assumed by said Crawford of said mortgage of twenty-two thousand dollars on and after July 1, 1873.”
The defendant, McCool, about two years after this contract was made, executed two mortgages which together amounted to the sum of $22,000, and ■ on or about August 20, 1874, executed and recorded a deed of the premises referred to in the contract, in which the following clause was inserted: “ Subject, however, to the mortgages now existing on the said propejty for the sum of $22,000, which the said party of the second part hereby assumes and promises to pay.”
It will be perceived, that by the clause in the agreement stated, that Crawford was to assume the interest due on the mortgage of $22,000, and that only; and that this was the understanding between the parties seems to be certain, from the fact, that it is twice stated in that agreement, that the interest is to be assumed, and in express words. This repetition in that respect would seem to exclude any undertaking to assume the payment of the principal sum. Although there is some testimony which is conflicting on the subject of the precise engagement contemplated by the execution of this paper on the part of the defendant Crawford, yet the manner in which the deed was executed and *369 recorded by the defendant, McCool, would seem to justify the conclusion that he understood that the engagement of Crawford was to assume the interest, and the interest, only. He. said that he had the deed of the house drawn, and sent it to be recorded with Crawford’s consent, and that Crawford told him to record it; also that he, Crawford, was to assume the mortgages, and that Crawford said so before the deed was made, and that he knew that it was to be in two mortgages instead-.of one, - . On cross-examination, however, he said, “I guess I executed the deed I have referred to in my own house.” He could not state who was present, nor where he was when Crawford told him to send the deed to be recorded. He was asked whether he ever showed the deed to Crawford, that he had made out and signed, after it was executed ; and he answered, “I don’t know that I did.” And he further stated that he had shown to Mr. Crawford a deed that had been executed; but the said also, that he thought there were two deeds executed; and it seems from this testimony, that the one which he did so exhibit was not satisfactory to he latter, and that he drew another one. He says also, that there was some little dispute about the deed. He admits that he did not deliver the deed to Crawford, but he did not think that he delivered the-deed either to the register to be recorded, and added, “I am liable for the whole of this money; a claim is made against -me for the whole of this deficiency.” And this latter statement, if the expression may be indulged in, is the key-note to the whole of this testimony. It was important for him that he should make out a case which would establish the assumption of the mortgage by Crawford, under and by virtue of some agreement 'between them, in order to relieve himself of his acknowledged liability.
The defendant Crawford swore positively that Mc *370 Cool never delivered to him a deed of the premises, and that no person ever delivered, such a deed to him ; and he also testified that he never told McCool to put the. deed on record, and that he did not know of any deed on record of this character, until his attention was called to it by a friend who had read it in the Real Estate Record. He also said, that he did not authorize McCool to send the deed to the register’s office, and repeated that he never • saw the deed ; and he swears that he never undertook to pay the mortgage, and never assumed it.
The learned justice, however, presiding, at 'the special term, deemed it his duty to find that Crawford accepted the deed and assumed to pay the mortgage. He refused to make any finding whatever, upon the request to find that McCool never delivered Mr. Crawford, personally, any deed of the premisesand also, that Crawford never saw any deed of the premises, and never authorized McCool to put on record any deed to him of the premises ; and also, that Crawford supposed the deed to which his attention had been called, conformed to his contract, and that by the agreement, to which reference has been made, the deed was not to contain any clause of assumption by Crawford of the payment of any mortgages on the premises. It is conceded that the deed was not sighed by Crawford. We do not think that the finding of the learned justice was warranted by the evidence in the case. The assumption clause in the mortgage is in direct contravention of the express terms of the agreement itself. The deed containing it, it is clear from the evidence, was not delivered to Mr. Crawford personally, and the fair - inference from the testimony is that he knew ■nothing about the existence of the assumption clause, until long after the deed had been recorded. To justify a court in imposing such an obligation, which it must be said is an unusual one in the purchase of property, *371 very satisfactory evidence should be given; indeed, so satisfactory as to leave no doubt of its propriety; and when the deed containing it is placed on record, without having been exhibited to the grantee, the proof should be clear, positive and beyond all question that it was authorized. Any other rule would place any citizen at the mercy of a mortgagor who chose to relieve himself of a burden which he did not wish to bear, and would become in that way a vehicle of great injustice and oppression.
Ingalls, J., concurred.